# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **SUSIE STURDIVANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:** |
| | ) |
| **OUTBACK STEAKHOUSE OF** | ) |
| **FLORIDA, LLC d/b/a OUTBACK** | ) |
| **STEAKHOUSE,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Outback Steakhouse of Florida, LLC d/b/a Outback Steakhouse (hereinafter "Defendant" or "Outback"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby removes this action filed by Plaintiff, an individual, in the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division. In support of this Notice, Defendant shows as follows:

### A.  PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on March 13, 2025 in the Circuit Court of Tuscaloosa County, Alabama Civil Action No. 63-CV-2025-900273.00.

The documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendant on or about March 13, 2025, and Defendant was served with a copy of the Summons and Complaint on March 17, 2025. [Ex. A].

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Western Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Tuscaloosa County, Alabama as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6. At the time of the commencement of this action and the time of this removal, Plaintiff was and is a resident and citizen of the State of Alabama. [Ex. A, Doc. 2, ¶ 1]. Defendant avers that Plaintiff intends to remain in Alabama, is domiciled in Alabama, and is therefore a resident and citizen of the State of

Alabama. [Answer of Outback Steakhouse, LLC, ¶ 1, filed contemporaneously herewith].

7. At the time of the commencement of this action and the time of this removal, Outback Steakhouse of Florida, LLC is and was a foreign a limited liability company, that has a single member, OSI Restaurant Partners, LLC, which is a limited liability company that has a single member, OSI Hold Co, Inc., which is a corporation formed under the laws of the State of Delaware and has its principal place of business in the State of Delaware.

8. In determining the citizenship of a limited liability company for diversity purposes, this Court is required to look to the citizenship of the company's members. As stated by the 11th Circuit in *Rolling Greens MHP, L.P. v. Comcast Holdings, L.L.C.*, 374 F.3d 1020 (11th Circuit 2004):

> The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for the purposes of diversity jurisdiction. In *Carden v. Arkona Assoc.,* 494 U.S. 185, 195 – 196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. *Carden*, 494 U.S. at 195-96, 110 S.Ct. at 1021. In applying this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations, it reasoned that Congress, if it so chooses, is capable of

> adjusting the rules of diversity jurisdiction to account for unincorporated associations. *Carden*, 494 U.S. at 196-97, 110 S.Ct. at 1022.
>
> This Circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this question have all answered it the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.

*Rolling Greens*, 374 F.3d at 1021-22. *See also, Payroll Mgmt. v. Lexington Ins. Co.*, 556 Fed. App'x. 796, 802 (11th Cir. 2014) (Limited Liability Companies . . . are "citizen(s) of any state of which a member of the company is a citizen"). For purposes of determining citizenship in a diversity action, a limited liability company's state of formation and principal place of business are to be disregarded. *Anderson v. Buc-Ee's Ala., LLC*, 2023 U.S. Dist. LEXIS 111268 (S.D. Ala. Jun. 28, 2023) ("citizenship for a limited liability company is determined by the citizenship of its members, not by the state of formation or principal place of business. The rule for diversity jurisdiction in this circuit is that a limited liability company is a citizen of any state of which a member of the company is a citizen." (internal quotations and citations omitted)).

9.   Thus, for purposes of diversity jurisdiction, Outback is a citizen of the State of Delaware. 28 U.S.C. § 1332(c)(1).

10. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

11. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C. AMOUNT IN CONTROVERSY

12. In order to be removable, there must be in excess of $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. Plaintiff alleges claims against Defendant for "Negligence" and "Wantonness," and demands judgment against Defendant for compensatory and punitive damages. [Ex. A, Doc. 2, ¶ 3-17].

14. The Complaint avers that "[a]s a proximate and direct result" of the negligence and wantonness of Defendant, Plaintiff "was proximately caused to suffer injuries and other damages, to wit:

    a. The Plaintiff was caused to suffer bodily injuries;
    b. The Plaintiff was caused to seek medical treatment, including surgery, in an effort to heal and cure her injuries;
    c. The Plaintiff was caused to incur medical expenses, in the nature of hospital bills, doctors' bills and prescription expenses in an effort to cure her injuries;
    d. The Plaintiff's injuries caused physical and mental pain and discomfort;
    e. The Plaintiff was caused to suffer severe and permanent injuries;
    f. The Plaintiff was caused to suffer permanent physical impairment."

[Ex. A, Doc. 2 at ¶ 10].

15.     Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness, and seeking both compensatory and punitive damages, as referenced above, establishes the requisite amount in controversy. *Id.* at 1318. *See also Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court see Pitt unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under current Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

16.     In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendants failed to timely file its Removal Notice within thirty (30) days of

receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendants and who charges that defendants with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

17.  Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that Plaintiff will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

18.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint.

The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S.C. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not claim a specific amount of damages'" *Id*. at 1061 (quoting *Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little sense to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id*. at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

19.   Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met when a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional

distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.,* 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.,* 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

20.     In addition to Plaintiff claiming damages for "bodily injuries," "medical expenses," "physical and mental pain and discomfort," and "severe and permanent injuries," [Ex. A, Doc. 2, ¶ 10], Plaintiff brings a claim of wantonness, which, if proven, may allow for the recovery of punitive damages. [Ex. A, Doc. 2, ¶ 12-17]. Courts should consider punitive damages when determining the jurisdictional amount in controversy. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729 (11th Cir. 2014) (holding that the Court should consider punitive damages as part of a jurisdictional amount when assessing the amount in controversy threshold); *Ray v. Perry*, 392 Fed. App'x, 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy.").

21.     "The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."  *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)(*quoting McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

22. Defendant denies liability to Plaintiff in any amount but do not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint.

23. Based upon the foregoing, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744 (11th Cir. 2010).

### D. TIMELINESS

24. The removal is filed within thirty (30) days from when Defendant was served with the Summons and Complaint and less than one year from when the action was original commenced, and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

25. Defendant has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a Notice of Removal with the Clerk of the Circuit Court of Tuscaloosa County, Alabama shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 10th day of April 2025.

/s/ Crawford J. McCullers
CRAWFORD J. MCCULLERS (ASB-0720-u15p)
W. WALKER MOSS (ASB-9873-W62M)
Attorneys for Defendant Outback Steakhouse of Florida, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  wmoss@carrallison.com
        cmccullers@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2025, I have served a copy of the above and foregoing on counsel for all parties by:

  XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Kerry R. McDonald (MCD001)
Frank S. Buck (BUC001)
2160 14th Avenue South
P.O. Box 55089
Birmingham, Alabama 35255
Tel: (205) 933-7533
Kerry.mcdonald@frankbucklawoffice.com

/s/ Crawford J. McCullers
OF COUNSEL